THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case Number: 1:18-cv-00270

| | |
|---|---|
| ANGELA HARRIS, on behalf of herself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | **COMPLAINT -- CLASS ACTION** |
| ATLANTIC CREDIT & FINANCE, INC., ) ) ) | |
| Defendant. ) | |

## I. INTRODUCTION

1. This action is brought by Plaintiff Angela Harris, on behalf of herself and all others similarly situated, for statutory damages against Defendant Atlantic Credit & Finance, Inc., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

Page 1

### III. **PARTIES**

3. Plaintiff Angela Harris is an individual who resides in Efland, North Carolina.

4. Defendant alleged that Ms. Harris owed a debt. Therefore, she is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Ms. Harris is "any person" as used in 15 U.S.C. § 1692f(2).

6. Defendant Atlantic Credit & Finance, Inc. is a professional corporation organized under the laws of the State of Virginia.

7. Defendant describes itself as a "servicer of unsecured, consumer-distressed assets." http://www.atlanticcreditfinance.com/about_us.html

8. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

9. Defendant regularly attempts to collect consumer debts alleged to be due to another.

10. Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.Gen.Stat. § 58-70-1.

11. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

12. Ms. Harris used a relative's CareCredit account, with permission, to pay for certain veterinarian bills.

13. The CareCredit account allegedly was not paid as agreed, which resulted in the account entering default and a balance being owed to CareCredit ("the Debt").

14. The Debt was incurred for personal, family, or household reasons, *i.e.*, veterinarian bills for a domestic pet.

15. Defendant obtained the debt after it entered default.

16. In 2016, Ms. Harris spoke with Defendant over the telephone and agreed to make payments on the Debt to Defendant.

17. During this telephone conversation, Ms. Harris agreed to allow Defendant, every two weeks, to initiate an ACH payment (or other electronic funds transfer) of $50.00 from her checking account to be deposited into Defendant's bank account.

18. During this telephone conversation, Ms. Harris provided Defendant with her checking account and bank information.

19. Defendant did not obtain Plaintiff's written authorization to make the

recurring electronic funds transfer, as required by 15 U.S.C. § 1693e(a).

20. By correspondence dated April 11, 2017, Defendant arranged for the preparation and transmittal of a letter to Ms. Harris at her residence. Defendant's correspondence to Ms. Harris dated April 11, 2017, is attached hereto as <u>Exhibit A</u>.

21. <u>Exhibit A</u> was sent in an attempt to collect a debt.

22. <u>Exhibit A</u> contains:

> April 11, 2017
>
> RE: Payment Reminder
> Account Number ***9418
>
> Dear Angela Harris
>
> This letter is a reminder that a payment will be processed against your account. The information regarding this payment is as follows:
>
> Date of Trans: 04/28/2017
> Amount: $50.00
> Payable to: Atlantic Credit & Finance, Inc.
>
> Sincerely,
> Atlantic Credit & Finance, Inc.

*See* <u>Exhibit A</u>.

23. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices', which

'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

24. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e)." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

25. Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This section also provides a non-exhaustive list of eight categories of prohibited conduct.

26. When analyzing a claim under Section 1692f, "if a court finds that a defendant's conduct fits within one of the eight categories, there is no need to also find a violation of the general proscription [of unfair or unconscionable means to collect or attempt to collect any debt]." *Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 582 (E.D.N.Y. 2015).

27. Defendant's conduct falls within the second category of Section 1692f, which expressly prohibits:

> The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

15 U.S.C. § 1692f(2).

28. Section 1692f(2) prohibits debt collectors from "accepting a check postdated by more than five days, with certain exceptions…" *Atwood v. Selip & Stylianou*, LLP, 2017 U.S. Dist. LEXIS 54193, *8 (E.D.N.Y., Feb. 8, 2017).

29. The exception applies only under the narrow circumstance of when a debt collector notifies the person in writing of its intent to deposit the postdated payment instrument between three and ten business days (inclusive) prior to the deposit.

30. As expressly mandated by the FDCPA through Section 1692f(2), Congress has required debt collectors to provide a disclosure of information to certain persons. This informational disclosure is required only of debt collectors that make the decision to accept from any person a check or payment instrument postdated by more than five days. Any given debt collector is not required to provide the written notice within the timing requirements of the statute if it simply chooses not to accept a check or payment instrument postdated by more than five

days.

31. By requiring certain debt collectors to disclose such information to certain persons, Congress conferred upon those persons a statutory right to receive information.

32. "[K]nowledge of the mistake is not a prerequisite to liability under § 1692f." *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003). "Both §§ 1692f(1) and (2) presume liability." *Id.*

33. The Dodd-Frank Wall Street Reform and Consumer Protection Act defines "payment instrument" as "a check, draft, warrant, money order, traveler's check, electronic instrument, or other instrument, payment of funds, or monetary value (other than currency)." 12 U.S.C. § 5481(18).

34. Other laws similarly define "payment instrument" to include electronic payment instruments, such as ACH payments or other electronic funds transfers.

35. Each time that Defendant debited Ms. Harris's account, it used the ACH or electronic funds transfer payment instrument to cause the debited amount to be deposited into a deposit account owned by Defendant and held by a depository institution.

36. Defendant accepted from Ms. Harris a payment instrument postdated

Page 7

Case 1:18-cv-00270-LCB-JLW    Document 1    Filed 04/06/18    Page 7 of 12

by more than five days.

37. Defendant notified Ms. Harris that the "payment will be processed against your account" more than ten business days prior to depositing the ACH or electronic funds payment instrument.

38. Upon information and belief, Defendant sent Ms. Harris prior letters regarding prior ACH or other electronic transfers from her account that did not provide ten or fewer business days' notice prior to deposit.

39. Plaintiff demands a trial by jury over all claims.

## V. DEFENDANT'S POLICIES AND PRACTICES

40. It is the standard policy and practice of Defendant to accept from any person a check or other payment instrument postdated by more than five days and to notify that person in writing of Defendant's intent to deposit such check or instrument more than ten business days prior to such deposit.

## VI. CLASS ALLEGATIONS

41. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) regarding a debt incurred for personal, family, or household purposes (iv) which were not returned undelivered

by the United States Postal Service (v) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

42. The class is so numerous that joinder of all members is impractical. *See* Fed.R.Civ.P. 23(a)(1).

43. Defendant sent letters in the form of <u>Exhibit A</u> to more than 50 persons with addresses in the state of North Carolina to recover a debt incurred for personal, family, or household purposes which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through the date of class certification.

44. There are questions of law and fact common to the class. *See* Fed.R.Civ.P. 23(a)(2). The principal issue is whether Defendant violated the FDCPA by sending letters in the form of <u>Exhibit A</u> to consumers (thus having accepted from any person a check or other payment instrument postdated by more than five days and notifying that person in writing of Defendant's intent to deposit such check or payment instrument more than ten business days prior to such deposit), in violation of 15 U.S.C. § 1692f(2).

45. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial

inspection of Defendant's records.

46. Plaintiff will fairly and adequately protect the interests of the class. She has no interests that are contrary to those of the class members. *See* Fed.R.Civ.P. 23(a)(4).

47. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. *See* Fed.R.Civ.P. 23(a)(4).

48. The questions of law and fact common to the class predominate over any issues involving only individual class members. *See* Fed.R.Civ.P. 23(b)(3). Indeed, the principal issue is whether Defendant's letter in the form of Exhibit A violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

49. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. *See* Fed.R.Civ.P. 23(a)(3).

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of

these class claims are likely to present significantly fewer difficulties than those presented in many class actions, *e.g.*, for securities fraud.

## VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

52. Defendant's violations of the FDCPA include, but are not limited to accepting from any person a check or other payment instrument postdated by more than five days and notifying that person in writing of Defendant's intent to deposit such check or payment instrument more than ten business days prior to such deposit, in violation of 15 U.S.C. § 1692f(2).

53. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, costs, and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Angela Harris requests that judgment be entered in her favor and in favor of the class against Atlantic Credit & Finance, Inc. for:

    A.    Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For such other relief as the Court may find to be just and proper.

April 6, 2018        /s/ Craig M. Shapiro
Craig M Shapiro
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Rd Ste D
Durham, North Carolina 27705
Telephone: (919) 286-1695
Fax: (919) 286-2704
Email: cshapiro@johnorcutt.com
State Bar No. 48887

ATTORNEY FOR PLAINTIFF ANGELA HARRIS